```
 1  JOHN WALSHE MURRAY (074823)
    ROBERT A. FRANKLIN (091653)
 2  RACHEL P. RAGNI (241061)
    MURRAY & MURRAY
 3  A Professional Corporation
    19400 Stevens Creek Blvd., Suite 200
 4  Cupertino, CA 95014-2548
    Telephone: (650) 852-9000; (408) 907-9200
 5  Facsimile: (650) 852-9244
    Email: jwmurray@murraylaw.com
 6  Email: rfranklin@murraylaw.com
    Email: rragni@murraylaw.com
 7
 8  Attorneys for Reorganized Debtors
 9
```

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| In re: | Cases Substantively Consolidated |
|---|---|
| **ATI LIQUIDATING, INC.,**<br>formerly known as<br>Aviza Technology, Inc.,<br>Employer's Tax ID No.: 20-1979646 | Case No. 09-54511-RLE-11 |
| **AI LIQUIDATING, INC.,**<br>formerly known as Aviza, Inc.,<br>Employer's Tax ID No.: 20-0249205 | Case No. 09-54514-RLE-11 |
| **TTI LIQUIDATING, INC.,**<br>formerly known as<br>Trikon Technologies, Inc.,<br>Employer's Tax ID No.: 95-4054321 | Case No. 09-54515-RLE-11 |
| Debtor(s).<br>440 Kings Village Road<br>Scotts Valley, CA 95066 | *[No Hearing Requested]* |

### EX PARTE MOTION FOR ORDER MODIFYING COMPENSATION PROCEDURE

///

///

ATI Liquidating, Inc., formerly known as Aviza Technology, Inc. ("ATI"), AI Liquidating, Inc., formerly known as Aviza, Inc. ("Aviza") and TTI Liquidating, Inc., formerly known as Trikon Technologies, Inc. ("TTI" and collectively with ATI and Aviza, the "Reorganized Debtors" or "Debtors" hereby submit their EX PARTE MOTION FOR ORDER MODIFYING COMPENSATION PROCEDURE (the "Motion") requesting that the Court modify the professional compensation procedures as described below.

I. **BACKGROUND**

1. On July 17, 2009, the Court entered the ORDER GRANTING EX PARTE MOTION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF ACCOUNTANTS, approving the employment of Mohler, Nixon & Williams ("Mohler") as accountants to the Debtors.

2. On July 17, 2009, the Court entered the ORDER GRANTING EX PARTE MOTION FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) (LAW OFFICES OF MATTHEW A. JOSEPH), approving the employment of the Law Offices of Matthew A. Joseph ("Joseph") as special counsel to the Debtors.

3. On August 11, 2009, the Court entered the ORDER RE MOTION FOR ORDER AUTHORIZING AND APPROVING (i) EMPLOYMENT OF SPECIAL COUNSEL PURSUANT TO 11 U.S.C. § 327(e) AND (ii) PAYMENT OF RETAINER PURSUANT TO 11 U.S.C. § 363 (LATHAM & WATKINS LLP), approving the employment of Latham & Watkins LLP ("Latham") as special counsel to the Debtors.

4. On April 8, 2010, the Bankruptcy Court entered its ORDER CONFIRMING DEBTORS' JOINT PLAN OF LIQUIDATION (DATED MARCH 2, 2010). The DEBTORS' JOINT PLAN OF LIQUIDATION (DATED MARCH 2, 2010) (the "Plan") provides a procedure for the post-confirmation compensation and reimbursement of expenses for professionals in this case ("Post-Confirmation Compensation Procedure") for fees and expenses incurred after April 8, 2010. Section 6.24 of the Plan provides the Post-Confirmation Compensation Procedure as follows:

> **6.24 POST-CONFIRMATION COMPENSATION AND REIMBURSEMENT OF PROFESSIONALS.**
>
> All professionals employed by the Reorganized Debtors or the Creditors' Committee after the Confirmation Date shall be entitled to payment of their reasonable post-Confirmation Date fees and reimbursement of expenses on a monthly basis, subject to the following:

    a. Each party requesting payment of such compensation shall serve a detailed statement of requested fees and expenses on the Notice Parties;

    b. Any Notice Party or other party in interest may object to any portion of the requested fees and expenses. Any objection to the payment of fees or reimbursement of expenses shall be in writing (and sufficiently detailed to allow the party whose compensation is the subject of the objection an opportunity to respond, and ultimately to allow the Bankruptcy Court to rule on such objection) and served on the Notice Parties and the party whose compensation is the subject of the objection. Any such objection must be served within fifteen (15) days after service of the detailed statement;

    c. If there is no objection to a party's requested fees and expenses within such fifteen (15) day period, the Reorganized Debtors shall promptly pay the requested amount in full. If an objection to a portion of the fees or expenses requested is timely served, the Reorganized Debtors shall promptly pay the undisputed portion of such fees and expenses;

    d. To the extent that an objection is timely served, the Responsible Person shall reserve monies in the amount of the disputed fees and expenses pending resolution of said objection;

    e. Any objection to a request shall be resolved by either: (a) written agreement between the party requesting such fees and expenses and the objecting party, or (b) resolution of the disputed amount by the Bankruptcy Court. Resolution by the Bankruptcy Court shall be requested by motion filed and served on the Notice Parties in accordance with the Bankruptcy Rules and the Local Rules on not less than twenty-one (21) days notice and such motion may be filed by either the requesting party or the objecting party. Any opposition to the motion shall be filed and served no later than seven (7) days prior to the hearing; and

    f. Professionals shall not otherwise be required to file applications for Bankruptcy Court approval of post-Confirmation fees and expenses.

  5. On May 4, 2010, the Court entered the ORDER RE FIRST AND FINAL MOTION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ACCOUNTANTS FOR DEBTORS, approving the fees and expenses of Mohler from June 9, 2009 through March 31, 2010. Since that fee application, Mohler has incurred additional fees and expenses from April 1, 2010 through April 8, 2010 of $2,041.80.

  6. On May 14, 2010, the Court entered the ORDER RE APPLICATION FOR FINAL APPROVAL OF INTERIM AWARD FOR ATTORNEY'S FEES (LAW OFFICES OF MATTHEW A. JOSEPH),

approving final fees previously awarded to Joseph on an interim basis. Since that fee application, Joseph has incurred additional fees from April 1, 2010 through April 8, 2010 of $875.00.

7. On May 14, 2010, the Court entered the ORDER RE SECOND AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY SPECIAL COUNSEL FOR DEBTORS (LATHAM & WATKINS LLP), approving the fees and expenses of Latham from October 1, 2009 through March 31, 2010. Since that fee application, Latham has incurred additional fees and expenses from April 1, 2010 through April 8, 2010 of $6,550.20.

## II. RELIEF SOUGHT

8. The Reorganized Debtors seek authority from the Court to utilize the Post-Confirmation Compensation Procedure to pay the additional fees and expenses of Mohler, Joseph and Latham incurred from April 1, 2010 through April 8, 2010. Given the limited amounts of these additional fees, the preparation and filing of additional fee applications would be uneconomical. Therefore, the Reorganized Debtors have sought and obtained, as evidenced by the parties signatures on the proposed order, the consent for this requested relief from the United States Trustee, counsel for the Official Committee of Unsecured Creditors, and counsel for United Commercial Bank, East West Bank and ChinaTrust Bank (USA).

**WHEREFORE**, the Reorganized Debtors request entry of an order substantially in the form submitted with this Motion authorizing the Reorganized Debtors to utilize the Post-Confirmation Compensation Procedure to pay the additional unapproved fees incurred by Mohler, Joseph and Latham from April 1, 2010 through April 8, 2010.

Dated: July 1, 2010          **MURRAY & MURRAY**
A Professional Corporation

By: */s/ Rachel P. Ragni*
Rachel P. Ragni
Attorneys for Reorganized Debtors