Signed and Filed: October 05, 2010

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**

McNUTT LAW GROUP LLP
MICHAEL A. SWEET (CSBN 184345)
DALE L. BRATTON (CSBN 124328)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone:   (415) 995-8475
Facsimile:   (415) 995-8487
Email:       dbratton@ml-sf.com

Attorneys for Official Committee
of Equity Security Holders

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

CMR MORTGAGE FUND, LLC,
CMR MORTGAGE FUND II, LLC,
CMR MORTGAGE FUND III, LLC,

Debtors.

☐ Affects **FUND I**

☐ Affects **FUND II**

☐ Affects **FUND III**

☒ Affects **ALL FUNDS**

Case Nos.   08-32220 TEC
            09-30788 TEC
            09-30802 TEC

Chapter 11

**ORDER APPROVING CONFIRMATION OF EQUITY COMMITTEE AND DEBTORS JOINT PLAN OF REORGANIZATION DATED JUNE 24, 2010**

Date:   September 22, 2010
Time:   9:30 a.m.

Judge:  Hon. Thomas E. Carlson

The hearing on confirmation of the Equity Committee And Debtors Joint Plan Of Reorganization Dated June 24, 2010 (the "Plan"), filed on June 24, 2010, in the above-captioned cases of CMR Mortgage Fund, LLC ("Fund I"), CMR Mortgage Fund II, LLC ("Fund II"), and CMR Mortgage Fund III, LLC ("Fund III") (Fund I, Fund II, and Fund III collectively, the "Funds" or "Debtors"), was held on August 4, 2010, August 10, 2010, and September 22, 2010. Appearances of counsel for parties in interest were as noted on the record of the hearing. The Official Committee of Equity Security Holders ("Equity Committee") and Fund I, Fund II, and

Fund III are jointly proponents of the Plan.

The Court has considered:

(i)    the Plan;

(ii)    the Disclosure Statement For Equity Committee And Debtors Joint Plan Of Reorganization Dated June 24, 2010, submitted with respect to the Plan and previously approved as containing adequate information under 11 U.S.C. § 1125;

(iii)    the Ballot Tabulation And Submission Of Ballots for the Plan filed on July 30, 2010;

(iv)    the written objections to confirmation of the Plan;

(v)    the evidence submitted and proffered in connection with the hearing on confirmation of the Plan and the representations made on the record of the hearing; and

(vi)    the arguments of counsel for the Plan proponents and those parties who filed objections to the Plan.

THE COURT FINDS THAT:

A.    The Court has jurisdiction of this matter pursuant to 11 U.S.C. §§ 1334(a) and 157, and venue is proper under 11 U.S.C §§ 1408 and 1409. This matter is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(L).

B.    Notice of the hearing on confirmation of the Plan required under Rule 2002(b) and (d) of the Federal Rules of Bankruptcy Procedure has been given, and no other or further notice is necessary.

C.    The proponents of the Plan provided "adequate disclosure" within the meaning of § 1125(a) of the Bankruptcy Code with respect to the Plan and the solicitation of acceptances thereon.

D.    The Plan complies with all applicable provisions of the Bankruptcy Code.

E.    The Plan has been proposed in good faith and not by any means forbidden by law.

F.    The proponents of the Plan, the Equity Committee and the Funds, have complied with all applicable provisions of the Bankruptcy Code.

G. The Plan has been accepted by the requisite majorities in all impaired classes of creditors and equity holders. No class of creditors or equity holders has been deemed to reject the Plan.

H. The Plan has been accepted by an impaired class of creditors, determined without including any acceptance of the Plan by any insider.

I. All other applicable requirements of § 1129(a) of the Bankruptcy Code are satisfied.

J. Confirmation of the Plan is in the best interests of creditors and equity holders of the Funds.

Accordingly, and good cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Plan is confirmed.

2. All objections to confirmation of the Plan that have not been withdrawn are overruled.

3. The provisions of the Plan shall bind all parties in interest, including Fund I, Fund II, Fund III, the Wind-Down Trust formed under the Plan ("Wind-Down Trust"), and all creditors and equity interest holders of Fund I, Fund II, and Fund III, whether or not the respective claims and interests of such creditors and interest holders are impaired under the Plan, and whether or not such creditors and interest holders have filed proofs of claim or interest or are deemed to have filed proofs of claim or interest.

4. In the required notice of entry of order confirming the Plan, the Equity Committee shall give notice consistent with the provisions of the Plan of the applicable bar dates for (i) any claims for rejection of executory contracts under the Plan, (ii) any claims for allowance of administrative expenses incurred prior to the Effective Date of the Plan (as defined in the Plan) pursuant to 11 U.S.C. § 507(a)(1) or § 507(b), and (iii) all applications for compensation of professional persons rendered prior to the Effective Date. Any claims of the kind specified in subparagraphs (i), (ii) or (iii) foregoing shall, if not timely filed, be forever barred.

5. The Court retains jurisdiction after the Effective Date of the Plan over all matters

specified in Article IX (Retained Jurisdiction) of the Plan.

6. (a) Notwithstanding confirmation of the Plan and any provision of the Plan to the contrary, all matters concerning any Investor Action under Rule 23 or Rule 23.1 of the Federal Rules of Civil Procedure or their state-law equivalent (including <u>Bergman et al. vs. California Mortgage and Realty, Inc. et al.</u>, Adversary Proceeding No. 10-03107, a proposed class action now pending in this Court), including without limitation (i) whether it is properly filed as a class action, (ii) selection of the representative plaintiffs (as to derivative as well as any other claims), (iii) whether a class if certified should be a mandatory class or an opt-out class, (iv) whether a channeling injunction is appropriate, (v) in what court trial of such Investor Action should take place, and (vi) any other matters within the scope of Rules 23 and 23.1 or their state-law equivalent are hereby reserved for determination in such Investor Action.

(b) Notwithstanding confirmation of the Plan and any provision of the Plan to the contrary, neither the Plan nor the automatic stay of 11 U.S.C. § 362(a) shall create or constitute an injunction restraining any litigation between or among non-debtor plaintiffs and/or non-debtor defendants, including but not limited to the pending actions described in Exhibit C to the Plan at 6:16-21. Whether any injunction should issue to restrain such litigation shall be left to the court trying the Investor Action.

7. Consistent with this Court's order granting the Motion For Approval Of Settlement Among The funds, The Equity Committee, And Canpartners Realty Holding Company IV LLC And Canyon-Related Entities, Carr, SCD, and SC Development Pursuant To Bankruptcy Rule 9019 ("Settlement Motion"), filed in the Funds' Chapter 11 cases on September 1, 2010, within three (3) business days of the Effective Date of the Plan the Wind-Down Trust shall execute the Settlement Agreement (as defined in the Settlement Motion) as a party thereto, and become immediately bound to the terms of the Settlement Agreement as if it has been a party thereto from the date of original execution, and without the need for any further action assume the rights and obligations of the Funds thereunder. Nothing in Paragraph 6(b) of this Order shall affect the injunction contained in this Court's order granting the Settlement Motion, which is and shall remain effective following confirmation of the Plan.

195345.2                                            4                           ORDER APPROVING CONFIRMATION
Case: 08-32220    Doc# 700    Filed: 10/05/10    Entered: 10/06/10 08:08:49    Page 4 of 8

8. For purposes of the Plan, the Amended and Restated Standstill Agreement between the Debtors and certain clients of Oxford Investment Partners LLC, and approved by this Court on January 22, 2010, shall be deemed to have been expressly assumed on or before the Effective Date.

9. All of the property of the bankruptcy estates of Fund I, Fund II, and Fund III shall vest in the Wind-Down Trust upon the Effective Date of the Plan, free and clear of all claims of creditors and equity interest holders, subject to the provisions of the Plan, and shall be administered by the Wind-Down Trust. Transfer of property by the Wind-Down Trust and issuance of beneficial interests in the Wind-Down Trust under the Plan shall be pursuant to the Plan and free from taxation to the extent provided by 11 U.S.C. § 1146(a).

10. Because the Plan is a liquidating Plan, and pursuant to 11 U.S.C. § 1141(d)(3), entry of this order shall not act as a discharge of any debt of Fund I, Fund II, or Fund III that arose prior to confirmation of the Plan. However, neither the Wind-Down Trust, its trustee, nor any employee, agent or other representative of them shall have any liability for such debts of the Funds to any creditors or interest holders of Fund I, Fund II, or Fund III other than to administer the Wind-Down Trust and make the distributions expressly provided for under the Plan.

11. Article VIII, Section B, of the Plan is hereby modified to provide that all fees and expenses of outside professionals employed by the Wind-Down Trust (including without limitation attorneys and accountants) ("Professional Fees") shall be subject to review by creditors, equity interest holders, and this Court. Such review shall be provided as follows:

(a) Within 30 days after the end of each calendar quarter, the Wind-Down Trust shall file with this Court, and serve on the Post-Effective Date Limited Notice List established under the procedures of Article VII, Section G, of the Plan, a summary of Professional Fees for such quarter with notice of opportunity to object and request review by the Court.

(b) If within 20 days after service of such summary, no party in interest serves on the Wind-Down Trust an objection, the Professional Fees shall not be subject to further review.

(c) If any party in interest objects within 20 days after service of such summary and requests review, the Wind-Down Trust shall file with the Court a detailed statement of the

| | |
|---|---|
| 1 | Professional Fees and set the matter for hearing on 20 days notice to the objecting party(ies). At |
| 2 | the hearing on the matter the Court shall determine the reasonableness of the Professional Fees. |
| 3 | Any amounts disallowed as not reasonable by the Court shall be returned by the recipient |
| 4 | professional to the Wind-Down Trust. |
| 5 | 12. On and after the Effective Date, the trustee of the Wind-Down Trust shall have the |
| 6 | power to take all actions authorized by the Plan, including but not limited to (a) acting in the name |
| 7 | of the Funds or any of them as necessary or appropriate to dissolve the Funds, (b) acting in the |
| 8 | name of the Funds or any of them to prosecute Avoidance Actions and/or Retained Claims |
| 9 | notwithstanding dissolution of the Funds, and (c) exercising the powers of the Funds under the |
| 10 | operating agreements for REO Entities notwithstanding dissolution of the Funds. |
| 11 | 13. The Plan effectuates substantive consolidation of the Debtors. Accordingly, after |
| 12 | the Effective Date of the Plan, all filings shall be made in – and only in – Case No. 08-32220. |
| 13 | Required post-confirmation payments to the United States Trustee, and required post-confirmation |
| 14 | quarterly reports to the United States Trustee, shall be made in – and only in – Case No. 08-3220. |
| 15 | 14. On and after the Effective Date, all persons who have held, currently hold, or may |
| 16 | hold a claim or interest treated or provided for pursuant to the Plan are permanently enjoined from |
| 17 | taking any of the following actions on account of such claim or interest: (i) commencing or |
| 18 | continuing, in any manner and in any place, any action or proceeding against the bankruptcy |
| 19 | estate(s) of Fund I, Fund II, or Fund III; (ii) enforcing, attaching, collecting, or recovering in any |
| 20 | manner any judgment, award, decree or other order against the bankruptcy estate(s) of Fund I, |
| 21 | Fund II, or Fund III; (iii) creating, perfecting or enforcing any lien against property of the |
| 22 | bankruptcy estate(s) of Fund I, Fund II, or Fund III without leave of the Bankruptcy Court; |
| 23 | (iv) taking any action to obtain possession of property of the bankruptcy estate(s) of Fund I, Fund |
| 24 | II, or Fund III or to obtain possession of property from the bankruptcy estate(s) of Fund I, Fund II, |
| 25 | or Fund III or to exercise control over the bankruptcy estate(s) or property of the bankruptcy |
| 26 | estate(s) of Fund I, Fund II, or Fund III; and (v) taking any of the actions proscribed in subsections |
| 27 | (i) – (iv) above against the Wind-Down Trust, in any manner and in any place, that does not |
| 28 | comply with or is inconsistent with the provisions of the Plan and this Order. Any person injured |

by any willful violation of such injunction shall be entitled to recover actual damages, including costs and professional fees and, in appropriate circumstances, punitive damages from the willful violator.

15. In the event of any inconsistency between the provisions of the Plan and this order, the provisions of this order shall control.

16. In serving notice of confirmation of the Plan, the Equity Committee shall serve a copy of this order with such notice, but need not attach a copy of the Plan. The notice of confirmation of the Plan shall prominently note the process by which creditors and equity interest holders may place their names on the Post-Effective Date Limited Notice List provided for under Article VII, Section G, of the Plan.

* * * END OF ORDER * * *

# COURT SERVICE LIST

**All parties are registered ECF participants** *except:*

Brian D. Huben
Katten Muchin Rosenman LLP
2029 Century Park East, Ste. 2600
Los Angeles, CA 90067

Briar Tazuk
2488 Spring Mountain Road
St Helena, CA 94574

Fredrick Hagen
Berding & Weil
3240 Stone Valley Road West
Alamo, California  94507

Jeff J. Friedman
Katten Muchin Rosenman LLP
575 Madison Ave.
New York, NY 10022

Jonathan Bornstein
Bornstein and Bornstein
507 Polk Street, Ste. 320
San Francisco, CA 94102

Robert Feinbaum
3001 Ashbrook Court
Oakland, CA 94601