

STEVEN H. FELDERSTEIN [056978]
THOMAS A. WILLOUGHBY [137597]
JASON E. RIOS [190086]
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1450
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435

Signed and Filed: May 04, 2010

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN LLP,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-32514<br><br>Hearing Date: April 13, 2010<br>Time: 1:30 p.m.<br><br>**ORDER GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION TO EMPLOY MCGRANE GREENFIELD LLP AS SPECIAL LITIGATION COUNSEL** |

    The application of the Official Committee of Unsecured Creditors (Creditors Committee) came before this Court for hearing on April 13, 2010 at 1:30 p.m. Thomas Willoughby appeared for the Creditors Committee, William McGrane and Christopher Sullivan appeared for McGrane Greenfield, LLP, John Fiero appeared for the Debtor, M. David Minnick, Jason Catz and Michael Ellis appeared for Bank of America, N.A., Lawrence Peitzman appeared for Citibank, N.A., and Minnie Loo appeared for the

-1-

Order Granting Application to Employ McGrane Greenfield LLP as Special Litigation Counsel

United States Trustee. Prior to the hearing, the United States Trustee and Bank of America, N.A. filed limited objections to certain of the terms in the proposed engagement and raised a number of questions. Citibank, N.A. filed a joinder to the objection filed by Bank of America, N.A.

After discussion on the record, the Creditors Committee and McGrane Greenfield, LLP agreed to several modifications and clarifications regarding the terms of the proposed engagement. These modifications are reflected on the revised Agreement for Legal Services attached hereto as Exhibit 1. Counsel for Bank of America, N.A., Citibank, N.A., and the United States Trustee do not object to the form of the revised Agreement for Legal Services and form of this Order.

Good cause appearing, this Court approves the application to employ McGrane Greenfield, LLP as special litigation counsel to prosecute claims against Bank of America, N.A. and Citibank, N.A. in Adversary Proceeding No. 09-03071, in accordance with terms of the revised Agreement for Legal Services attached as Exhibit 1, with the contingent and flat legal fee approved under 11 U.S.C. §328 and the provisions for reimbursement of reasonable costs and expenses approved under 11 U.S.C. §330. The approval of the employment is effective *nunc pro tunc* as of March 31, 2010 and the Estate is authorized to pay the one million flat legal fee after the Effective Date of the Agreement for Legal Services.

The Court's Guidelines for Compensation and Expense Reimbursement of Professionals will apply to McGrane Greenfield, LLP's costs and expenses. They are available at http://www.canb.uscourts.gov/procedures/dist/guidelines/guidelines-compensation-and-expense-reimbursement-professional-and-truste.

**\*\* END OF ORDER \*\***

///

///

**NO OBJECTION AS TO FORM:**

Dated: April 29, 2010                     UNITED STATES TRUSTEE

                                          By  /s/ Minnie Loo
                                              Minnie Loo
                                              Office of the U.S. Trustee


Dated: April 30, 2010                     PILLSBURY WINTHROP SHAW PITTMAN LLP


                                          By:  /s/ M. David Minnick
                                               M. David Minnick
                                               Attorneys for Bank of America, N.A


Dated: April 30, 2010                     PEITZMAN, WEG & KEMPINSKY LLP


                                          By  /s/ Lawrence Peitzman
                                              Lawrence Peitzman
                                              Attorneys for Citibank, N.A.

Dated: May 3, 2010                        PACHULSKI, STANG, ZIEHL, AND JONES


                                          By  /s/ John D. Fiero
                                              John D. Fiero
                                              Attorneys for Debtor Heller Ehrman LLP

-3- Order Granting Application to Employ McGrane Greenfield LLP as Special Litigation Counsel

# Exhibit 1

# AGREEMENT FOR LEGAL SERVICES

This "AGREEMENT FOR LEGAL SERVICES" (Agreement) is made at San Francisco, California, between McGRANE GREENFIELD LLP, a California limited liability partnership (collectively, Attorneys) on the one hand, and the Official Committee of Unsecured Creditors of Heller Ehrman LLP (Official Committee) and any duly appointed successor to the Official Committee and to the debtor in a bankruptcy case entitled *In re Heller Ehrman LLP,* United States Bankruptcy Court for the Northern District of California (San Francisco Division), Case No. 08-32514 DM (Heller Bankruptcy Case) (collectively, Client). The Official Committee has proposed Michael Burkart as the Plan Administrator for the debtor's post confirmation estate in the Heller Bankruptcy Case.

1. **Scope of Services**.

Client retains Attorneys to represent it on behalf of the debtor's estate in the Heller Bankruptcy Case (Debtor's Estate) in the prosecution of claims for money damages against Bank of America, N.A. and Citibank, N.A. (Collectively, Banks) in connection with Adversary Proceeding No. 09-03071, now pending in connection with the main bankruptcy case of *In re Heller Ehrman LLP*, United States Bankruptcy Court for the Northern District of California (San Francisco Division) Case No. 08-32514 DM (Bank Case). Attorneys will provide those legal services reasonably required to represent Client and, through Client, prosecute the Bank Case on behalf of the Debtor's Estate.

//

//

2. **Responsibilities of Attorneys and Client**.

Attorneys will perform legal services for Client respecting the Bank Case, keep Client informed of progress and developments, and respond promptly to Client's inquiries and communications. Client will fully cooperate with Attorneys in Attorneys' providing of legal services to Client hereunder (including keeping Attorneys reasonably informed of developments and complying with all reasonable requests of Attorneys in connection with the subject matter(s) of the representation), not seek to require Attorneys to commit any unlawful act or other action in violation of Attorneys' professional ethics, and timely make any and all payments required by this Agreement.

3. **Flat Legal Fee**.

Client shall pay Attorneys a flat legal fee of one million dollars within fourteen (14) days of the Effective Date of this Agreement (defined *infra* in paragraph 17) for all legal services rendered, subject to the further payment of a Contingent Fee as described *infra*.

4. **Contingent Legal Fee**.

Subject to 11 United States Code section 328(a), Client shall pay Attorneys contingent compensation equal to five percent (5%) of the amount of any Consideration,(as hereinafter defined), received by Client on account of the Bank Case less any monies previously reimbursed to Attorneys by the Debtor's Estate for Costs and Expenses (the Contingent Fee). "Consideration" means the sum of (a) the amount actually recovered by the Debtor's Estate from the Banks by reason of a judgment against the Banks in, or a settlement of, the Bank Case and (b) the amount of any distribution the Banks would have

received from the Debtor's Estate on account of any allowed unsecured claims they would otherwise have had but that are either subordinated to other unsecured claims as a result of the Bank Case, disallowed, or waived by the Banks in connection with any settlement of the Bank Case. The Contingent Fee shall be paid at the conclusion of the prosecution and defense of all claims litigated by Attorneys on behalf of the Debtor's Estate related to the Heller Bankruptcy Case.

5. **Limited Liability of Client.**

The only obligation of Client is to undertake best efforts to cause the Debtor's Estate to pay to Attorneys the flat legal fee, any Contingent Fee, and costs and expenses owed under this Agreement and neither the individual members of the Official Committee nor any successor to the Official Committee shall have any obligation personally to make any payments required under this Agreement.

6. **Staffing and Association of Attorneys**. Attorneys may assign attorney and non-attorney personnel from their firm, and, if approved by the Bankruptcy Court after application made in accordance with 11 U.S.C. §327 may assign attorney and non-attorney personnel from the firms of VALLE MAKOFF LLP and SCHNADER HARRISON SEGAL & LEWIS LLP, as Attorneys deem appropriate to provide representation to Clients in the Bank Case.

7. **Costs and Expenses**.

    a. **In General**. Attorneys may incur various costs and expenses in performing legal services under this Agreement. These costs and expenses commonly include process servers' fees, fees fixed by law or assessed by courts and other agencies,

court reporter fees, long distance telephone calls, word processing fees, messenger and other delivery fees, postage, parking and other local travel expenses, photocopying (including in-house photocopying) and other reproduction costs, facsimile transmission, charges for computer research, and other similar items (Costs and Expenses).

    b.   **Out-of-Town Travel**. Costs and Expenses also include transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorneys.

    c.   **Experts, Consultants and Investigators**. Costs and Expenses also include the cost of expert witnesses, consultants or investigators. Attorneys will select any expert witnesses, consultants or investigators to be hired, in consultation with Clients.

8.   **Payment of Costs and Expenses**. Upon the Effective Date of this Agreement as set forth in paragraph 17, *infra*, the Debtor's Estate shall be responsible for payment of reasonable Costs and Expenses upon application and bankruptcy court approval made in accordance with 11 U.S.C. §330.

9.   **Billing Statements**. Attorneys will send Client monthly statements for Costs and Expenses (Attorney Cost Billings). Prior to confirmation of a plan of liquidation in the Heller Bankruptcy Case, Client shall cause the Debtor's Estate to pay Attorney Cost Billings promptly upon court approval. After confirmation of a plan of liquidation, Client shall approve payment of the Debtor's Costs and Expenses in accordance with such plan.

10. **Contingent Fee Reserve**. Upon the receipt of any monies received as recoveries on account of the Bank Case, Client shall establish and fund a reserve sufficient to pay at the conclusion of the prosecution and defense of claims brought by Attorneys on behalf of the Debtor's Estate related to the Heller Bankruptcy Case any Contingent Fee based on the consideration received by the Debtor's Estate as a result of the prosecution of the Bank Case.

11. **Discharge and Withdrawal**. Client may discharge Attorneys at any time by written notice to Attorneys, effective upon receipt by Attorneys. Attorneys may likewise terminate this representation for good cause with the approval of the Bankruptcy Court, subject to Attorneys' obligation to provide reasonable transition assistance to new counsel of Client's choice and subject to any requirement that Attorneys obtain court permission for withdrawal.

When Attorneys' services to Client are concluded (upon receipt of notice of discharge or withdrawal), Attorneys will provide no further services and advance no further costs on Client's behalf, except as may be expressly agreed to in a writing signed by Attorneys and Client. If Attorneys are Client's attorneys of record in any proceeding, Clients will execute and return a substitution-of-attorney form immediately on its receipt from Attorneys. Notwithstanding such discharge or withdrawal, the Debtor's Estate will remain obligated to reimburse Attorneys for all Costs and Expenses advanced prior to the discharge or withdrawal. After Attorneys' services are concluded, Attorneys will, at Client's request and expense and as required by California Rule of Professional Conduct 3-700(D)(1), deliver Client's original file(s) to Client, along with any of Client's funds or

property in Attorneys' possession. In the event Client requests the return of Client's original file(s), Attorney shall have the right to make and retain a copy of Client's file(s) and Client shall be responsible for all costs of copying same.

12. **Destruction of Clients Files**. Following discharge, withdrawal or final conclusion of the matter(s) for which Attorneys services were engaged, Attorneys shall maintain their original file in storage for a minimum of five years. At the end of the five-year period, Attorneys shall notify Client in writing at the last known address for Client of its intent to destroy the original files. Client shall have two weeks from such notification to inform Attorneys in writing of Client's intent to take custody of the original files instead of allowing destruction. Client shall then have 30 days in which to take custody of the Client matter(s) files. If Client fails to notify Attorneys of its intent to take custody of the original files or fails to take physical custody of the files in the time allotted, Attorneys shall destroy the Client matter(s) files.

13. **Modification**. This Agreement may only be modified by a writing signed by all of the parties or an order of the Bankruptcy Court.

14. **Severability**. If any provision of this Agreement is held, in whole or in part, to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

15. **Key Man Provision**. Attorneys agree that William McGrane and Christopher Sullivan are crucial components of this retention agreement. If one or both of them change firms, Clients reserve the right to change firms and Attorneys agree not to assert *Jewel v. Boxer* claims against a successor firm. If one or more of them are unable

to continue working on the Bank Case prior to its resolution, the Client in its discretion may seek an order from the Bankruptcy Court requiring disgorgement of a portion of the one million dollar flat legal fee subject to Attorneys' right to argue quantum meruit. Attorneys agree to cooperate with Client if Client, in its discretion, seeks to obtain "key man" life insurance on attorneys William McGrane and Christopher Sullivan.

16. **Entire Agreement** This Agreement constitutes the entire agreement between Attorneys and Client. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties or any of them.

17. **Effective Date**. This Agreement will take effect upon its full execution and approval by a final, non-appealable order of the Bankruptcy Court approving the employment of the Attorneys under the terms of this Agreement.

DATED: 4/30, 2010

"Attorneys"

McGRANE GREENFIELD LLP

By: _____
WILLIAM McGRANE
Its Partner

DATED: 4/30, 2010

"Client"

OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF HELLER EHRMAN LLP

By: _____
Theresa Hoyt
Authorized Signatory for BREF 333, LLC,
Its Chairperson